# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

IJAN 2 4 2013

at ____ o'clock and ___ 39 ___ min. ___ M
SUE BEITIA, CLERK

Jennifer A. McTigue
820 W. Hind Drive, Ste. 128, #240639
Honolulu, Hawaii {96821}
Telephone: (808) 636-4199

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE HOLDERS OF THE CERTIFICATES, FIRST HORIZON MORTGAGE PASS-THROUGH CERTIFICATES SERIES FHAMS 2005-FA11, BY FIRST HORIZON TENNESSEE BANK NATIONAL ASSOCIATION, MASTER SERVICER, IN ITS CAPACITY AS AGENT FOR THE TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT, | Civil No: USDC 1200180-JMS-KSC |
| | **BRIEF IN SUPPORT OF APPLICATION FOR LEAVE TO FILE DOCUMENTS AMMEND FILING FOR COUNTERCLAIM AND JOINDER OF PARTIES** |
| Plaintiff, | |
| Vs. | |
| JAMES QUEE SUK CHONG; MARIA MAGDALINA AGOSTO; FIRST HORIZON HOME LOAN CORPORATION, a Kansas Corporation; JENNIFER MCTIGUE; GENTRY-WAIPIO COMMUNITY AREA ASSOCIATION; ASSOCIATION OF APARTMENT OWNERS OF RAINBOW SERIES-KUOLA PHASE III; JOHN and MARY DOES 1-20; DOE PARTNERSHIPS; DOE CORPORATIONS OR OTHER ENTITIES 1-20, | |
| Defendants | |

## BRIEF IN SUPPORT OF
## APPLICATION FOR LEAVE TO FILE DOCUMENTS,
## AND AMMEND FILING

1. Defendant in error Jennifer McTigue recognizes that a counterclaim should have been filed

when the venue was changed to the federal district court and Defendant in error did request that from her then counsel attorney Damon Senaha.

2.  Defendant in error made efforts to follow attorney Damon Senaha's counsel but soon realized that attorney Damon Senaha was only interested in making money by prolonging the judicial process while he continued to collect payment for several months without pursuing the case to the Defendant in errors advantage.

3.  Defendant in error recognizes the importance of filing correct, required paperwork in and for support of Plaintiff's case brought before this honorable court in a timely manner.

4.  Defendant in error will also seek a settlement during leave of court as opposing counsel has offered to do so just prior to the departure of attorney Damon Senaha.

5.  Defendant in error, attempted to settle matters with Plaintiff prior to action being brought before this honorable court

6.  As a result of no legal or lawful responses from any of the listed Plaintiff, Defendant moved to change venue to this honorable court. Defendant in error is seeking relief from unconstitutional practices of local authorities, recognizing that only an appropriate federal venue may hear from one of the People of these United States.

## FACTS

1.  Defendant in error purchased the property located at 94-1033 Oli Place C-8, Waipahu, HI 96797 at foreclosure sale from ASSOCIATION OF APARTMENT OWNERS OF RAINBOW SERIES – KUOLA PHASE, III.

2.  On February 09, 2012 MR. MARK A. WOLTERS, Chief Executive Officer ("RECIPIENT"), of METLIFE BANK received 2 Negotiable Instruments from me totaling $275,000.00 at 501 Route 22 West, Floor 1W, Bridgewater, NJ 08807, and delivered on February 9, 2012.

3.  The Instruments tendered were specifically for set-off settlement and discharge of a mortgage debt. The instruments have not been returned and I have not been noticed of any defects to the instruments, however I am in receipt of notary protest (estoppel by judgment dated 2/22/2012), and have been sent confirmation by Nationstar Mortgage on February 27, 2012 that they did receive my Mortgage Satisfaction Agreement Package.

4.     FIRST HORIZON HOME LOAN CORPORATION, the original lender of record regarding Mortgage Doc No.: 3353319 ("MORTGAGE"), recorded with the STATE OF HAWAII BUREAU OF CONVEYANCES, is a subsidiary of FIRST TENNESSEE BANK, NATIONAL ASSOCIATION, wholly owned by METLIFE BANK, N.A.

5.     FIRST HORIZON HOME LOAN CORPORATION allegedly endorsed the Mortgage and Note to NATIONSTAR MORTGAGE but no evidence has been presented to support that claim.

6.     THE BANK OF NEW YORK MELLON is making a claim as to being a party of interest but has not expressed how they are a party of interest.

7.     THE BANK OF NEW YORK MELLON started a claim against me in the civil court, however the records show the assignment for the mortgage was to Nationstar Mortgage LLC, not THE BANK OF NEW YORK MELLON.

    While Defendant is in receipt of some of the responses of the Defendant, to date, no response notice of defect or insufficiency has been received from NATIONSTAR MORTGAGE.

    Legally, I am entitled to possession of the property.

*28 U.S.C. § 1654, JUDICIARY AND JUDICIAL PROCEDURE, PART V – PROCEDURE, CHAPTER 111 – GENERAL PROVISIONS – STATUTE – In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.*

*Elmore v. McCammon (1986) 640 F. Supp. 905*
*"... the right to file a lawsuit pro se is one of the most important rights under the constitution and laws."*

*Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); Picking v. Pennsylvania R. Co., 151 Fed 2nd 240; Pucket v. Cox, 456 2nd 233*
*Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers.*

*Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938)*
*"Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment."*
*Puckett v. Cox, 456 F. 2d 233 (1972) (6th Cir. USCA)*
*It was held that a pro se complaint requires a less stringent reading than one drafted by a lawyer per Justice Black in Conley v. Gibson (see case listed above, Pro Se Rights Section).*

*Picking v. Pennsylvania Railway, 151 F.2d. 240, Third Circuit Court of Appeals*
*The plaintiff's civil rights pleading was 150 pages and described by a federal judge as "inept". Nevertheless, it was held "Where a plaintiff pleads pro se in a suit for protection of civil rights, the Court should endeavor to construe Plaintiff's Pleadings without regard to technicalities."*

*Roadway Express v. Pipe, 447 U.S. 752 at 757 (1982)*
*"Due to sloth, inattention or desire to seize tactical advantage, lawyers have long engaged in dilatory practices... the glacial pace of much litigation breeds frustration with the Federal Courts and ultimately, disrespect for the law."*

*Sherar v. Cullen, 481 F. 2d 946 (1973)*
*"There can be no sanction or penalty imposed upon one because of his exercise of Constitutional Rights."*

*Schware v. Board of Examiners, United State Reports 353 U.S. pages 238, 239.*
*"The practice of law cannot be licensed by any state/State."*

*Sims v. Aherns, 271 SW 720 (1925)*
*"The practice of law is an occupation of common right."*

Because Defendant has not received any lawful or legally valid responses from any Plaintiffs prior to this litigation, Defendant and Movant is requesting leave of this honorable court in order to correct her filings, exhaust her administrative remedies, and request for production of documents, by subpoena if necessary, to further support the causes stated in Plaintiff's original complaint.

This Court should grant leave freely to amend a complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Dated 1/24/2013

By _____
All Rights Reserved